# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 1:12-cr-127

                                        District Judge Susan J. Dlott
  - vs -                        Magistrate Judge Michael R. Merz

CARLOS MATEO,

                Defendant.      :

## NOTICE TO THE SIXTH CIRCUIT; REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant Mateo's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 94). District Judge Susan Dlott has referred the § 2255 proceedings to the undersigned (ECF No. 96).

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

On June 19, 2017, Mr. Mateo filed in the Sixth Circuit Court of Appeals a Motion under 28 U.S.C. § 2244 for authorization to proceed on a second or successive § 2255 application in this Court (ECF No. 95; 6th Cir. Case No. 17-3678). *In re: Kenneth Smith*, 690 F.3d 809 (6th Cir. 2012); *In re Sheppard*, 2012 U.S. App. LEXIS 13709 (6th Cir. May 25, 2012). Because the instant Motion is not second or successive, Mateo's § 2244 Motion is moot and its filing does not prevent this Court's exercise of jurisdiction. The Clerk shall furnish a copy of this Report to the Clerk of the Sixth Circuit.

The record reflects that Mr. Mateo entered into a Plea Agreement with the United States on June 20, 2013, in which he agreed to plea guilty to Count 1 of the Indictment in this case which charged him with conspiring to possess heroin with intent to distribute it (Judgment, ECF No. 83). He was sentenced on December 13, 2013, to 180 months imprisonment upon his plea of guilty. Although the Plea Agreement contained no appeal waiver, Mateo took no appeal. On April 1, 2016, the Court appointed attorney Scott Rubenstein to consider on Defendant's behalf the possible filing of a § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015)(ECF No. 92), but Mr. Rubenstein notified the Court on June 21, 2016, that he would not be filing such a motion. Mr. Mateo filed the instant Motion pro se on June 27, 2017.

Judge Dlott's Statement of Reasons for sentence shows that she calculated Defendant's Guideline Sentencing range at 262 to 327 months. The sentence actually imposed was therefore 82 months (almost seven years) below the bottom of the Guideline range. Judge Dlott did find Mr. Mateo to be a career offender on the basis of the Presentence Investigation Report (PSR), but departed downward one criminal history category (from VI to V) because of finding that the

Guidelines calculation overrepresented the seriousness of his criminal history (Sentencing Transcript, ECF No. 91, PageID 351).

Mateo claims his sentence is unconstitutional because it is based on his classification as a career offender. If the career offender enhancement were eliminated, he would have an offense level of 25 and a criminal history category of V, resulting in a Guideline Sentencing Range of 100 to 125 months. The statutory sentencing range was ten years to life, according to the PSI.

# Analysis

Mr. Mateo pleads one ground for relief: "Petitioner was improperly sentenced as a career criminal, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016)(ECF No. 95, PageID 395). He asserts his Motion is timely because it was filed within one year after *Mathis* which he asserts states a new rule of constitutional law made retroactive by some court, relying on 28 U.S.C. § 2255(f)(3).

Mateo's classification as a career offender was based on a determination that he was over eighteen and the offense was a controlled substance offense as defined in the Guidelines. He was found to have three predicate convictions for controlled substance offenses: (1) criminal sale of a controlled substance in New York in 1999 (PSI ¶ 44); (2) criminal sale of a controlled substance in 2001 (PSI ¶ 45); and (3) attempted criminal sale of a controlled substance in 2009 (PSI ¶ 47).

Mateo claims these prior convictions do not properly count as predicate offenses because the New York statutes under which he was convicted are broader than the Guidelines definition of a controlled substance offense. He relies on the so-called categorical approach to comparing

3

actual convictions with Guideline definitions, an approach mandated by the Supreme Court in *Descamps v. United States*, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013). Under the categorical approach, a district court must compare the elements of the generic offense with the elements in the statute violated. If the statute is broader – i.e., if it permits conviction on proof of an element not in the generic offenses – then the prior conviction cannot be counted as a predicate.

Mateo claims the statute under which he was convicted, N.Y. Penal Law § 220.39, is broader than the Guidelines definition of a controlled substance offense because it can be violated by "such activity as bartering, giving away, manufacturing, distributing, delivering, exchanging, or even offering to perform any of these activities." (Motion, ECF No. 95, PageID 403.) However, he offers no reported New York authority that interprets the statute in that way. Nor does he offer any evidence that he was indicted and convicted for an offense under that statute which prohibits conduct other than "knowingly and unlawfully selling."

Even if the statute of conviction was broader than the Guideline definition of a controlled substance offense, the categorical approach to making that analysis was adopted in *Descamps, supra,* not in *Mathis.* The Motion here was not made within one year of the decision in Descamps and in any event, Descamps has never been held to be retroactively applicable on collateral review. *Descamps* has never been held to be retroactive. *Zemba v. Farley*, 2015 U.S. App. LEXIS 12430 (6th Cir. 2015); *In re Black*, 2014 U.S. App. LEXIS 15452 (6th Cir. 2014); *Headbird v. United States*, 813 F.3d 1092 (8th Cir. 2016).

Mateo acknowledges that, for a new Supreme Court decision to be retroactively applicable, at least some court must have found it to be retroactive (Motion, ECF No. 95, PageID 397). He does not, however, cite any such case which holds *Mathis* to be retroactively

4

applicable. Certainly the Supreme Court did not itself do so in Mathis, nor has it done so since that decision was handed down.

Mateo relies on four cases in support of his Motion. In *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), the court vacated a career offender enhancement in reliance on *Descamps* and *Mathis*. However, *Hinkle* was decided on direct appeal and did not hold *Mathis* applied retroactively. *United States v. Sanchez-Fernandez*, 669 Fed. Appx. 415 (9th Cir. Sep 20, 2016), was also on direct appeal and does not even cite *Mathis*, much less find it retroactively applicable on collateral review. *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), relied on *Mathis* to invalidate a career offender enhancement, but was again on direct appeal after *Mathis* and did not hold that decision to be retroactive. None of these cases analyze the New York statute under which Mateo was convicted.

**Conclusion**

Mateo has not shown that his sentence was enhanced by predicate convictions which at the time of sentencing did not qualify as controlled substance felonies, nor has Mateo shown that Mathis applies retroactively. His § 2255 Motion should therefore be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit

that any appeal would be objectively frivolous and therefore should not be permitted to proceed

*in forma pauperis*.

June 28, 2017.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).