IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 1:12-cr-127 |
| Plaintiff, : | |
| : | Judge Susan J. Dlott |
| v. : | |
| : | **ORDER DENYING DEFENDANT'S** |
| CARLOS MATEO, : | **MOTION FOR COMPASSIONATE** |
| : | **RELEASE** |
| Defendant. : | |
| : | |

This matter is before the Court on Defendant's Motion for Compassionate Release. (Doc. 122.) The United States opposes Defendant's Motion. (Doc. 125.) For the reasons set forth below, Defendant's Motion will be **DENIED**.

## I.     BACKGROUND

On June 19, 2013, Defendant Carlos Mateo entered into a plea agreement in this matter. (Doc. 57-1.) As part of the plea agreement, Mateo pled guilty to Count 1 of the Indictment, Conspiracy to Possess Heroin With the Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846. (*Id*. at PageID 230.) The violation carried a minimum term of imprisonment of ten years and a maximum penalty of life imprisonment, a $10,000,000 fine, at least five years of supervised release, a mandatory $100 special assessment, and restitution. (*Id*.)

Pursuant to the Statement of Facts to which he admitted, between August 8, 2012 and November 7, 2012, Mateo conspired to distribute and possess with the intent to distribute one kilogram of heroin. (*Id*. at PageID 238.) During that timeframe, Defendant regularly supplied heroin to his co-defendants Erick Caimona and Jorge Trinidad for distribution in the Southern District of Ohio in order to obtain money and other things of value. (*Id*.)

On December 11, 2013, Mateo was sentenced to 180 months of imprisonment and 8 years of supervised release. (Doc. 82.) At the Sentencing Hearing, the Court found that Mateo was a Career Offender but that his criminal history was overstated. (Doc. 84.) As a result, the Court reduced Mateo's criminal history category from VI to V and imposed a sentence of 180 months of imprisonment, which was a downward departure from the 262 months of imprisonment recommended by the Probation Officer. (*Id.*; Doc. 82.) Mateo is currently incarcerated at the Federal Correctional Institution ("FCI") at Fort Dix, which is a minimum-security facility, and his anticipated release date is February 19, 2027. *See* Federal BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited 1/28/2021).

On June 8, 2020, Mateo filed a motion for compassionate release. (Doc. 106.) On July 7, 2020, the Court dismissed Mateo's motion without prejudice to refiling for failure to exhaust his administrative remedies. (Doc. 113.) On October 5, 2020, Defendant's counsel filed a "Notice of Intent" to supplement the Defendant's *pro se* motion. (Doc. 121.) On November 19, 2020, Defendant filed an Emergency Motion Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i). (Doc. 122.[1]) The Government opposes Defendant's Motion. (Doc. 125.)

On August 26, 2020, Mateo submitted a "Compassionate Release/Reduction in Sentence" form in which he sought reduction of sentence based on asthma and anemia. (Doc. 122-1 at PageID 772–74.) On August 31, 2020, Warden David E. Ortiz denied the request via an "Inmate Request to Staff Response" form.[2] (*Id*. at PageID 776.) Mateo also submitted a Regional

---

[1] Although represented by counsel, Mateo also filed a motion for leave to file a reply in support of his Motion for Compassionate Release. (Doc. 126.) He also submitted a letter to the Court. (Doc. 127.) The Court does not permit *pro se* motions when a Defendant is represented by competent counsel, as in this case. Regardless, even if considered, the filings would not alter the Court's decision.

[2] Mateo also claims that on April 23, 2020, he requested compassionate release by letter to the Warden of his prison. The Court previously ruled that Defendant's evidence was insufficient to demonstrate that the Warden received his letter. (Doc. 118.)

Administrative Remedy Appeal on September 17, 2020 and a Central Office Administrative Remedy Appeal on October 25, 2020. (*Id*. at PageID 778–80.)

In his Motion, Mateo argues that he is entitled to compassionate release because his medical conditions combined with his incarceration increase his risk of severe illness from COVID-19.[3] For the reasons that follow, Mateo's Motion will be **DENIED**.

## II. LEGAL STANDARD

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). The compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant seeking sentence reduction bears the burden of proving entitlement to compassionate release. *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with

---

[3] Mateo alternatively argues that the Court direct the Bureau of Prisons to use its authority under 34 U.S.C. § 60541(g) and 18 U.S.C. § 3624(c)(2) to release him immediately. "[T]his court cannot order the Bureau of Prisons to permit defendant to serve the remainder of her sentence on home confinement. It is the Bureau of Prisons, not this court, which has the authority to designate the place of a prisoner's imprisonment." *United States v. Dougherty*, No. 2:19-cr-229-2, 2020 WL 1909964, at *2 (S.D. Ohio April 20, 2020) (citing 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015)).

3

or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Exhaustion of administrative remedies is a mandatory claim-processing rule.[4] *United States v. Alam*, 960 F.3d 831, 833–834 (6th Cir. 2020). Assuming that the inmate has exhausted administrative remedies, the district court must engage in the § 3852(c)(1)(A) analysis as follows: (1) the court must find that "extraordinary and compelling reasons" warrant a reduction; (2) the court must find that a reduction is consistent with applicable policy statements issued by the sentencing commission; and (3) the court must consider the relevant sentencing factors listed in § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1106 (6th Cir. 2020). However, as to the second prong, the First Step Act rendered the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—inapplicable to cases filed by federal inmates. *Id.* at 1109, 1111. Therefore, the district court has full discretion to define extraordinary and compelling reasons without reference to the policy statement in § 1B1.13. *See id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. Jan. 6, 2021).

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of

---

[4] The Court finds that Defendant exhausted his administrative remedies by waiting at least thirty days from the receipt of a request for compassionate release by the Warden of FCI Fort Dix. On August 31, 2020, Defendant received a letter from Warden Ortiz denying his request for compassionate release, and he waited more than thirty days before filing his renewed Motion for Compassionate Release. (Doc. 122-1 at PageID 776; Doc. 122.)

the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553. These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

### III. ANALYSIS

#### A. Extraordinary and Compelling Reason

Having found Defendant exhausted his administrative remedies, the Court now considers the merits of Defendant's Motion. The COVID-19 pandemic continues to surge inside and outside of correctional facilities. COVID-19 is caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2) and was recognized as a pandemic in March 2020. "During the COVID-19 pandemic, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Provost,* 474 F. Supp. 3d 819, 825 (E.D. Va. July 24, 2020) (internal quotation marks omitted) (granting motion for compassionate release).

Mateo argues that his medical conditions combined with the COVID-19 pandemic present extraordinary and compelling reasons for his early release. Based on the statistics from the Bureau of Prisons, FCI Fort Dix currently has 53 inmates and 32 staff who have tested positive for COVID-19, as well as 1,425 inmates and 45 staff recovered from COVID-19. 1 inmate and 0 staff deaths from COVID-19 have been reported at the facility. *See* Federal BOP, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited 1/28/2021).

Defendant argues that he is at increased risk of serious illness from COVID-19 due to his medical conditions of anemia and chronic asthma. However, as best the Court could discern, the medical records attached to Defendant's Motion do not include either an asthma or anemia diagnosis, nor did the Defendant direct the Court to a specific record containing either diagnosis.[5] According to his Motion, Defendant has been diagnosed with microcytic hypochromic anisocytosis anemia, which is a condition marked by low levels of red blood cells that are smaller and paler than normal, containing low levels of hemoglobin. (Doc. 122 at PageID 657–58.) In his affidavit, Mateo attests that he has suffered from chronic asthma since childhood and is prescribed an inhaler, including albuterol, to control his symptoms. (Doc. 122-1 at PageID 784.) However, he did not describe any medical conditions at the time he was interviewed for his Presentence Report ("PSR"). Mateo's medical records suggest he may have had low hemoglobin levels in 2017 and that he has small and pale red blood cells. (Doc. 122-1 at PageID 802–11; Doc. 126-1 at PageID 827.)

Moderate-to-severe asthma has been identified by the Centers for Disease Control and Prevention ("CDC") as a condition that might increase an individual's risk of severe illness from COVID-19. CDC, CORONAVIRUS DISEASE 2019 (COVID-19), *People With Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited 1/28/2021). Because the Court was unable to locate any medical records containing an asthma diagnosis, it is unclear how severe his asserted asthma condition may be. In addition, the CDC identifies "hemoglobin disorders such as sickle cell

---

[5] Defendant's counsel states that although they have been requested, not all of Defendant's medical records have been provided to him by his prison facility. (Doc. 122 at PageID 658.) In his *pro se* filings, Defendant attached a medical record from 2017 that lists several blood-related descriptions. (Doc. 126-1 at PageID 827.)

disease and thalassemia" as increasing an individual's risk for severe illness from COVID-19. (*Id.*)

Even assuming Defendant supplied the necessary medical records to substantiate his medical conditions of anemia and asthma, the Court nonetheless finds that the conditions do not rise to the level warranting his compassionate release. By way of comparison, the Court found an extraordinary and compelling reason for compassionate release where an inmate suffered from a long list of severe medical conditions, some of which were non-recoverable and rendered the inmate non-ambulatory. *United States v. Smith*, No. 15-cr-119 (S.D. Ohio Nov. 10, 2020) (Doc. 327) (granting motion for compassionate release). Furthermore, in *Smith*, the Government withdrew its objections to the Defendant's release, which is not the case here. *Id*. Defendant's asserted medical conditions simply do not rise to the same rare and extraordinary level. *See also United States v. Jenkins-Mills*, No. 3:17-CR-00025-TMKR-MRM-2, 2020 WL 6146418, at *4 (S.D. Ohio Oct. 20, 2020) (finding no extraordinary and compelling reason for compassionate release of 30-year-old defendant with medical condition of obesity).

Even if the Court were to find that Mateo's medical conditions combined with the COVID-19 pandemic present an extraordinary and compelling reason for his release, the Court finds that the 18 U.S.C. § 3553(a) sentencing factors weigh against his release.

### B. 18 U.S.C. § 3553(a) Sentencing Factors and Whether Defendant is a Danger to the Community

The Court next will consider the § 3553(a) sentencing factors. Among the factors to be considered are the nature and characteristics of the Defendant's offense; the Defendant's criminal history; the need for the sentence imposed to reflect the seriousness of the Defendant's conduct; the need to protect the public; the Guidelines range; and the need to avoid unwarranted

sentencing disparities. The Court thoroughly considered these factors at the initial sentencing hearing and its conclusions have not changed.

As to the nature and characteristics of the offense, Defendant admitted to distributing heroin and directing the actions of his co-defendants in furtherance of a drug trafficking conspiracy. (Presentence Report ("PSR"), ¶¶ 33–34.) Drug trafficking is a very serious offense, and Defendant played an aggravating role, as he was an organizer, manager, or supervisor of criminal conduct.

Further, Defendant has an extensive criminal history and was sentenced as a career offender. He has three prior convictions which constitute controlled substance offenses. (PSR, ¶¶ 37–39.) The Court already has departed downward from his criminal history category and would not be inclined to further reduce Defendant's sentence. Defendant's pattern of criminal behaviors concerns the Court that he would be likely to commit future crimes and remain a risk to the public. Furthermore, the medical conditions from which Defendant asserts he suffers are not of the type that would prevent him from engaging in future criminal conduct so as to remove or reduce his risk to the public. *See, e.g., See Smith,* No. 15-cr-119 (S.D. Ohio Nov. 10, 2020) (Doc. 327) (defendant's condition was so deteriorated she no longer posed a threat to the community). In addition, the Court is concerned that reducing Defendant's sentence would lead to sentencing disparities among other convicted drug traffickers with aggravating roles, thus diminishing the seriousness of the offense and punishment.

For these reasons, the Court concludes that the 18 U.S.C. § 3553(a) sentencing factors do not support a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

### IV. CONCLUSION

For the many reasons explained herein, Defendant's Motion for Compassionate Release (Doc. 122) is **DENIED**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　S/Susan J. Dlott_____
　　　　　　　　　　　　　　　　　　　Judge Susan J. Dlott
　　　　　　　　　　　　　　　　　　　United States District Court