IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       : | |
| : | Case No. 1:12-cr-127 |
| Plaintiff,      : | |
| : | Judge Susan J. Dlott |
| v.      : | |
| : | **ORDER DENYING DEFENDANT'S** |
| CARLOS MATEO,      : | **MOTION FOR COMPASSIONATE** |
| : | **RELEASE** |
| Defendant.      : | |
| : | |

This matter is before the Court on Defendant Carlos Mateo's Emergency Motion for Compassionate Release & Appointment of Counsel, Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 129) and the Supplemental Memorandum in Support of Defendant's Pro Se Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 132), which is his third motion for compassionate release. The United States responded in opposition to Defendant's Motion (Doc. 133), and Defendant replied (Doc. 137). For the reasons set forth below, Mateo's Motion will be **DENIED**.

**I.    BACKGROUND[1]**

On June 19, 2013, Mateo entered into a plea agreement in this matter. (Doc. 57-1.) As part of the plea agreement, Mateo pled guilty to Count 1 of the Indictment, Conspiracy to Possess Heroin with the Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846. (*Id*. at PageID 230.) The violation carried a minimum term of imprisonment of ten years and a maximum penalty of life imprisonment, a $10,000,000 fine, at

---

[1] The facts within this section are largely repeated from the Court's February 3, 2021 Order denying Mateo's second motion for compassionate release. (Doc. 128).

least five years of supervised release, a mandatory $100 special assessment, and restitution. (*Id*.)

Pursuant to the Statement of Facts to which he admitted, between August 8, 2012 and November 7, 2012, Mateo conspired to distribute and possess with the intent to distribute one kilogram of heroin. (*Id*. at PageID 238.) During that timeframe, Defendant regularly supplied heroin to his co-Defendants Erick Caimona and Jorge Trinidad for distribution in the Southern District of Ohio in order to obtain money and other things of value. (*Id*.)

On December 11, 2013, Mateo was sentenced to 180 months of imprisonment and eight years of supervised release. (Doc. 82.) At the Sentencing Hearing, the Court found that Mateo was a career offender but that his criminal history was overstated. (Doc. 84.) As a result, the Court reduced Mateo's criminal history category from VI to V and imposed a sentence of 180 months of imprisonment, which was a downward departure from the 262 months of imprisonment recommended by the Probation Officer. (*Id*.; Doc. 82.) Mateo is currently incarcerated at the Federal Correctional Institution ("FCI") at Fort Dix, which is a minimum-security facility, and his anticipated release date is February 6, 2027. *See* FEDERAL BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited 2/16/2022).

On June 8, 2020, Mateo filed a motion for compassionate release. (Doc. 106.) On July 7, 2020, the Court dismissed Mateo's motion without prejudice to refiling for failure to exhaust his administrative remedies. (Doc. 113.) On November 19, 2020, Mateo filed a second motion for compassionate release on the basis that his medical conditions combined with his incarceration increase his risk of severe illness from COVID-19. (Doc. 122.) On February 3, 2021, the Court denied Mateo's second motion for compassionate release. (Doc. 128.)

Thereafter, on July 6, 2021, Mateo filed his most recent and third Motion for Compassionate Release, which is now before the Court. (Doc. 129.) His attorney filed a Supplemental Motion for Compassionate Release on September 13, 2021 (Doc. 132), and the Government responded in opposition (Doc. 134). On November 16, 2021, Mateo replied in support of his Motion. (Doc. 137). For the reasons that follow, Mateo's third Motion for Compassionate Release will be **DENIED**.

## II.     STANDARD OF LAW

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008). The compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant seeking a sentence reduction bears the burden of proof. *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—

3

> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Where, as here, a defendant has exhausted administrative remedies,[2] the district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction and (2) weigh the relevant sentencing factors listed in § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1108 (6th Cir. 2020).[3] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)) (alteration in original). Courts generally have discretion to define what constitutes "extraordinary and compelling" reasons. *Id.* at 562. Nonetheless, the Sixth Circuit recently defined two restrictions on that discretion:

> First, non-retroactive changes in the law, whether alone or in combination with other personal factors, are not "extraordinary and compelling reasons" for a sentence reduction. Second, facts that existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction.

*Id.*; *United States v. McKinnie,* 24 F.4th 583, at *2 (6th Cir. Jan. 26, 2022) (citing *Hunter*).[4]

---

[2] On May 25, 2021, Mateo requested compassionate release from the warden of his prison, which he asserts has gone unanswered. (Doc. 129 at PageID 851, 857.) Accordingly, his administrative remedies have been sufficiently exhausted for purposes of his Motion.

[3] The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—is inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court has full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

[4] *But see United States v. Owens*, 996 F.3d 755, 764 (6th Cir. 2021); *United States v. McCall*, 20 F.4th 1108, 1116 (6th Cir. 2021), *petition for rehearing en banc filed* (Feb. 1, 2022).

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553(a). These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). Also, district courts can consider non-retroactive changes in law relevant to sentencing as part of its weighing the § 3553(a) sentencing factors. *See Hunter*, 12 F.4th at 568–69; *see also United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. 2021). District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

## III.   ANALYSIS

### A.  No Extraordinary and Compelling Reason

Mateo argues he should be granted compassionate release due to a non-retroactive change in sentencing law. He contends the change in law, combined with other factors previously rejected by the Court in its February 3, 2021 Order denying him compassionate release,[5] together constitute an extraordinary and compelling reason for release. For the reasons that follow, the Court finds no extraordinary and compelling reason for his release.

Specifically, Mateo argues that the offense to which he pled guilty to in this case is not a controlled substance offense which would render him a career offender under the United States

---

[5] Namely, his asserted medical conditions of asthma and anemia combined with the COVID-19 pandemic.

Sentencing Guidelines if he were sentenced today.[6] "To be subject to the heightened penalties as a career offender under the Sentencing Guidelines, the government must show that '(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.'" *United States v. Cordero*, 973 F.3d 603, 625 (6th Cir. 2020), *reh'g denied* (Nov. 3, 2020) (citing U.S.S.G. § 4B1.1(a)). In *United States v. Havis*, the Sixth Circuit Court of Appeals held that the Sentencing Guidelines' definition of a "controlled substance offense" does not include attempt crimes. 927 F.3d 382, 387 (6th Cir. 2019). "Although the specific facts of *Havis* involved an attempt crime, its reasoning applies with equal force to other inchoate crimes not listed in the text of §4B1.2(b)."[7] *United States v. Butler*, 812 F. App'x 311, 314 (6th Cir. 2020). "Accordingly, we have acknowledged that, in light of *Havis*, conspiracy to distribute controlled substances is not a 'controlled substance offense' under §4B1.2(b)." *Cordero*, 973 F.3d at 626 (citing *United States v. Stephens*, 812 F. App'x 356, 357 (6th Cir. 2020) (mem.) (per curiam) (conspiracy to distribute cocaine)); *Butler*, 812 F. App'x at 314–15.

However, *Havis* does not have retroactive effect and is not cognizable on collateral review. *See Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019); *Alexander v. United States*, No. 19-4005, 2020 WL 6111201, at *2 (6th Cir. June 30, 2020); *United States v. Lawrence*, No. 17-20259, 2021 WL 859044, at *1 (E.D. Mich. Mar. 8, 2021) (acknowledging

---

[6] The Government did not respond to this argument.

[7] U.S.S.G. § 4B1.2 covers "Definitions of Terms Used in Section 4B1.1." Under § 4B1.2(b), "controlled substances offense" is defined as: "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

that *Havis* does not have a retroactive effect); *see also Dorsey v. United States*, 567 U.S. 260, 280 (2012) ("the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced"). Thus, although Mateo's prior drug conspiracy offense would not contribute to a career offender designation today, he was correctly, and leniently, sentenced under the law at the time. At the time of his sentencing, the undersigned believed Mateo's criminal history to be overstated and therefore reduced his criminal history category from VI to V and imposed a sentence of 180 months, which was significantly lower than the 262 months recommended by the Probation Officer. (Doc. 82, 84.)

Whether a district court may consider a non-retroactive change in law to support a finding that extraordinary and compelling reasons support compassionate release under 18 U.S.C. § 3582(c)(1)(A) is the source of an "intractable" "intra-circuit split." *McCall*, 20 F.4th at 1116 (Kethledge, J., dissenting). Initially, two panels of the Sixth Circuit Court of Appeals rejected the argument that a non-retroactive sentencing amendment qualifies as an extraordinary and compelling reason for release. *See United States v. Wills*, 997 F.3 685, 688 (6th Cir. 2021); *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021), *cert denied*, 142 S Ct. 780 (Jan. 10, 2022). Then, in *United States v. Owens*, 996 F.3d 755, 764 (6th Cir. 2021), a divided panel of the Sixth Circuit Court of Appeals held that although a district court cannot rely on a non-retroactive First Step Act sentencing-law amendment alone, it may do so combined with other factors to determine whether an extraordinary and compelling reason for compassionate release exists.

After that decision was issued, in *United States v. Jarvis*, 999 F.3d 442, 446 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 760 (Jan. 10, 2022), a divided panel of the Sixth Circuit Court of Appeals held that district courts cannot consider non-retroactive sentencing amendments when

7

determining a defendant's eligibility for compassionate release, whether alone or in combination with other factors. *Jarvis* disregarded *Owens* on the basis that the decision did not follow the controlling authority of *Tomes*. *Id*. at 445–46. *United States v. Hunter* then followed, holding that the Supreme Court's non-retroactive decision in *United States v. Booker*, 543 U.S. 220 (2005), rendering the Sentencing Guidelines advisory, does not qualify as an extraordinary and compelling reason for release. 12 F.4th 555, 564 (6th Cir. 2021). *Hunter*, like *Jarvis*, distinguished *Owens* as failing to follow the binding authority of *Tomes*. *Id*. at 564 n.4.

But then *McCall* declared *Owens* controlling authority, and disregarded *Jarvis* and *Hunter*. 20 F.4th at 1114. In *McCall*, a divided panel determined that the non-retroactive decision of *Havis* could be considered in determining whether a defendant had established extraordinary and compelling reasons for release. *Id*. at 1113–14. Yet most recently, a panel of the Sixth Circuit Court of Appeals in *United States v. McKinnie* held that *Owens* involved non-retroactive statutory changes and did not address what *Hunter* decided "in no uncertain terms": that "a non-retroactive judicial decision is not an 'extraordinary and compelling' reason under § 3582(c)(1)(A)(i)." 24 F.4th 583, at *6 (citing *Hunter*, 12 F.4th at 568). *McKinnie* thus held that the non-retroactive sentencing law decision in *Havis* is not an extraordinary and compelling reason for release, whether considered alone or in combination with other factors. *Id*. at *3–4. The court in *McKinnie* also discussed the Sixth Circuit's conflicting rulings:

> That leads us to our recent decision in *United States v. McCall*. Writing against this settled precedential backdrop, *McCall* nonetheless suggested that *Hunter* need not be followed because it was decided after *Owens*. See *United States v. McCall*, 20 F.4th 1108, 1112–14 (6th Cir. 2021). That suggestion is difficult to accept when *Owens* did not address the question posed in *Hunter*: are non-retroactive judicial decisions "extraordinary and compelling reasons" to reduce an inmate's sentence under § 3582(c)(1)(A)? In other words, whether one accepts *Tomes* or *Owens,* there is no fair basis for not honoring *Hunter*, which ultimately resolved a question different from that raised in the prior cases. *McCall*, it is fair to say, disagreed with the holding in *Hunter*. But as *McCall* was decided after *Hunter*,

the law of the Circuit doctrine required *McCall* to follow the prior precedent. *See Wright*, 939 F.3d at 700. *See generally United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017) ("One panel of this court may not overrule the decision of another panel."). Adherence to that longstanding doctrine allows our Court to speak with one voice, whatever that voice may say in a particular context. Any other approach would leave district courts scrambling to assess a wave of conflicting appellate court decisions. And it would undermine any ability for parties to rely on a consistent application of the law, concerns that are at their apex in this criminal law setting, where substantial liberty interests are at stake. *See United States v. Cox*, 871 F.3d 479, 494 (6th Cir. 2017) (Sutton, J., concurring); *United States v. Diaz-Bastardo*, 929 F.2d 798, 799 (1st Cir. 1991) (Selya, J.).

*McKinnie*, 24 F.4th at *6.[8]

District courts have been caught in the crossfires of this intra-circuit split. The Court is persuaded that *Owens* and *Hunter* are controlling authority for the logic set forth in the *McKinnie* case, and it is hopeful that an en banc panel will resolve any ongoing confusion as a fallout of these many decisions. *See McCall*, 20 F.4th 1108 (6th Cir. 2021), *petition for rehearing en banc filed* (Feb. 1, 2022). Thus, the Court finds no extraordinary and compelling reason for Mateo's

---

[8] The court went on to state:

> Even on its own terms, *McCall*'s reasoning is flawed from top to bottom. One, *McCall*'s reading of *Owens* is inconsistent with *Tomes*, which predates *Owens*, as well as numerous other published decisions that have read *Tomes* in a fashion contrary to *Owens*. *See, e.g.*, *Jarvis*, 999 F.3d at 446 (explaining that a "faithful reading of *Tomes* ... leads to just one conclusion: that it excluded non-retroactive First Step Act amendments from the category of extraordinary or compelling reasons, whether a defendant relies on the amendments alone or combines them with other factors"); *Hunter*, 12 F.4th at 564 n.4. Two, *Owens* jettisoned *Tomes*'s statutory holding because of a purported factual difference, one that is demonstrably inaccurate. *Compare McCall*, 20 F.4th at 1113 ("*Tomes* did not discuss whether nonretroactive sentencing disparities could support a compassionate-release motion when combined with other factors."), *with Tomes*, 990 F.3d at 501, 504–05 (rejecting Tomes's argument that his asthma, risk of COVID-19 infection, and the First Step Act's non-retroactive changes in law constituted "extraordinary and compelling" reasons for relief). And three, the meaning of the statutory term "extraordinary and compelling reasons" cannot change as facts ebb and flow from case to case. *See Cochise Consultancy, Inc. v. United States ex rel. Hunt*, —— U.S. ——, 139 S. Ct. 1507, 1512, 203 L.Ed.2d 791 (2019) ("[A] single use of a statutory phrase must have a fixed meaning ...."). All things considered, "[t]he grounds on which *Owens* purported to distinguish *Tomes* were implausible." *See McCall*, 20 F.4th at 1116 (Kethledge, J., dissenting).

*Id.* at *6–7.

compassionate release on the basis of a non-retroactive judicial change in sentencing law in consideration with factors previously considered by this Court—the COVID-19 pandemic and Mateo's asserted medical conditions of asthma and anemia.

### B. 18 U.S.C. § 3353(a) Factors Do Not Support Release

Regardless, the Court is free to decide that the sentencing factors alone do not support Mateo's early release, and it did so in its February 3, 2021 Order. (Doc. 128.) *See Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."). Even if Mateo established an extraordinary and compelling reason for release, the sentencing factors do not favor his early release. The Court fully considered the 18 U.S.C. § 3553(a) sentencing factors at the time of Mateo's sentencing and again in consideration of his prior motion for compassionate release (*see* Doc. 128).

Defendant takes the position that the Court considered his designation as a career offender, and if he were not to be so designated, the sentencing factors may be tipped in favor of release. Indeed, district courts are permitted—but not required—to consider non-retroactive changes in law in weighing the § 3553(a) sentencing factors. *Hunter*, 12 F.4th at 568–69 (citing *Jarvis*, 999 F.3d at 445). Regardless of career offender designation, he has a significant criminal history. In weighing the sentencing factors, the Court was and is concerned with Mateo's underlying criminal conduct, not his designation as a career offender. Mateo played an aggravating role in the offense for which he was convicted in this case. The Court already departed downward in his sentence and finds him to be an individual who engages in a pattern of criminal behaviors that still would present a risk to the public. Even considering the fact that Mateo could be sentenced more leniently today, the Court's conclusion does not change. *See*

*United States v. Maldonaldo*, No. 5:16-cr-264, 2021 WL 3036849, at *3 (N.D. Ohio July 19, 2021*), appeal filed*, No. 21-3692 (July 30, 2021) (finding sentencing factors did not support early release to inmate who argued he should not have been classified a career offender).  As in *Maldonado*, "shortening [Mateo's] sentence further would not fulfill this Court's intent to reflect the gravity of Defendant's actions or provide just punishment." *Id.* at *3.  Further, Mateo receiving a shorter sentence would create disparate sentencing results compared to other similarly-situated defendants sentenced at the time before the *Havis* decision.  His Motion is, therefore, denied.

### IV.   CONCLUSION

For the reasons explained herein, Defendant's Motion for Compassionate Release (Doc. 129) is **DENIED**.

**IT IS SO ORDERED.**

                                                 S/Susan J. Dlott_____
                                                 Judge Susan J. Dlott
                                                 United States District Court